[Civ. No. 26315.  First Dist., Div. Three.  Jan. 22, 1970.]

JOHN W. GILBAUGH, Plaintiff and Appellant, v. GREGSON E. BAUTZER, as Trustee, etc., et al., Defendants and Respondents.

**COUNSEL**

Quentin H. Smith for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Jan S. Stevens, Deputy Attorney General, for Defendants and Respondents.

## OPINION

**DRAPER, P. J.**—Appellant Gilbaugh became an associate professor of education at San Jose State College in 1956. In 1959, the year in which he attained tenure as a teacher, he was appointed dean and academic vice president of the college. He held that position until September 1, 1966, when he was reassigned by the president to the position of professor of education. This, of course, transferred him from the administrative to the academic field, and resulted also in a reduction of salary from $21,960 to $16,212 per year. He requested a hearing (Ed. Code, §§ 22607, 24308, 24309, and Cal. Admin. Code, tit. 5, § 43501) on the sole question whether his new position was commensurate with his qualifications. The Trustees of the California State Colleges appointed a review board, which held full hearings and recommended affirmance of the reassignment. The trustees then heard appellant, and adopted the recommendation of the review board. Appellant brought this proceeding in mandamus against the college president and the trustees. After full hearing, the trial court denied relief. This appeal followed.

Appellant first argues that the trustees are without power to reassign him. He concedes that tenure gives him no right to a particular compensation. The concession is compelled (see, e.g. *Butterworth* v. *Boyd*, 12 Cal. 2d 140, 150, 152 [82 P.2d 434, 126 A.L.R. 838]; *Taylor* v. *Board of Education*, 31 Cal.App.2d 734, 742-743 [89 P.2d 148], hearing den.). Nor does he deny that the statute (Ed. Code, § 22607) authorized reassignment. That section requires the trustees to, "provide . . . academic and administrative [personnel] with personnel rights and benefits at least equal to those accumulated by them as employees of the state colleges, *except that any administrative employee may be reassigned to an academic or other position commensurate with his qualification at the salary fixed for that position* . . . [Italics added.] He argues, however, that this section ceased to have any effect as of July 1, 1962. If he is correct, the section could not support his 1966 reassignment.

It is quite true that the Donohoe Higher Education Act (Stats 1960, First Ex. Sess., ch. 49) established the Trustees of the California State Colleges and provided for transfer of the state colleges to that board from the State Board of Education on and after July 1, 1961. This act provided a substantial framework for the transfer, but left much detail to be fleshed out. These additional elements were provided at the 1961 session by extensive amendments. Many of these provisions were but interim regulations, designed to cover only the period ending July 1, 1962, allowed for transfer of control of the colleges. We note, however, that the Legislature when it desired to give a provision only interim application, specifically so provided.

For example, sections 24320—24324 of the Education Code (part 4, div. 18, art. 3) froze tenure rights for one year, but specifically stated that "This Article shall remain in effect until July 1, 1962, and thereafter shall have no force or effect." Section 22607, although reenacted with amendments not relevant to the issue here, continues to the present time to provide specifically for the reassignment of administrative personnel.

■ We cannot accept appellant's argument that section 22607 expired July 1, 1962. The legislative care in expressly limiting the operative period of some sections necessarily implies an intent to give continuing effect to sections not so limited. Appellant quite correctly points out that chapter 3 of division 16.5 of the Education Code (§§ 22600—22607) is designed to effectuate the transfer of employees from the old system to the new. It does not follow, however, that all sections of that chapter operate only to July 1, 1962. On the contrary, the provisions for composition of the board (§ 22601.5), terms of trustees (§ 22604), independence from political and sectarian influence (§ 22605), among others, clearly are designed to operate permanently, rather than for a limited time. Section 22607 seems similarly designed for full prospective operation.

We conclude that section 22607 remained operative September 1, 1966, when appellant was reassigned, and that it authorized his transfer.

■ Appellant also argues that the position to which he was reassigned is not "commensurate with his qualifications," and thus is not authorized by section 22607. Appellant does not dispute that the academic position fully commensurate with his qualifications is that of professor of education, in which he holds tenure and to which he was in fact reassigned. His real contention is that he is fully qualified as an administrator, and thus no position requiring teaching only is "commensurate" with his qualifications. But the section on its face negates this view. It relates only to the reassignment of an "administrative employee," and specifically authorizes his transfer to an "academic position." We are not here concerned with the reassignment of an administrator who is not qualified as a teacher, nor that of an administrator whose reassignment is to other administrative duties. To restrict reassignment of an administrator only to another administrative position would destroy the obviously intended effect of the provision.

Moreover, the limited number of administrative positions within the state college system would, under the construction sought by appellant, serve to bar any transfer of administrative personnel, thus negating the express purpose of the Legislature. ■ Reduction in salary, of itself, does not show that the new position is not commensurate with appellant's qualifications. He has no vested right in a particular salary (*Kacsur* v. *Board of Trustees,* 18 Cal.2d 586, 590 [116 P.2d 593]; *Brown* v. *Hanford*

*Elementary School Board,* 263 Cal.App.2d 170 [69 Cal.Rptr. 154]). Any philosophical argument that teaching personnel should be as highly paid as administrators is, of course, not for the courts.

█ The academic position to which appellant was reassigned is fully commensurate with his teaching qualifications, and the determination of trustees and trial court to this effect must be sustained.

Judgment affirmed.

Brown (H. C.), J., and Caldecott, J., concurred.